**John W. Newman, Esq., Attorney in Fact for**

**BENEFICIAL INDUSTRIAL BANK, Plaintiff**

**v.**

**BOYD MONSANTO, Defendant**

Civil No. 164-1967

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 18, 1967

JOHN W. NEWMAN, ESQ., *for plaintiff*

HOFFMAN, *Municipal Judge*

ORDER

For the reasons stated in the Court's opinion of even date herewith denying a similar motion in Civil No. 207-1967, the motion of plaintiff's counsel to transfer this case to Part I, is DENIED.

The Court would like to stress the point, however, that it shall always require attorneys to submit authority for their course of action or for the judgment they seek whenever this Court has doubts as to the legality or propriety of the lawsuit or course of conduct. Counsel should not take offense at such requests made by the Court, but should welcome them as an opportunity to have their views on the law explained in full to the Court which, after all, has an obligation to administer the law fairly and impartially, even in the absence of opposing counsel or in the event of default.

█ In the instant case, the Court notes that Counsel has denominated himself as a party plaintiff. As plaintiff, it is the Court's considered opinion that he is a party in interest within the meaning of 3 V.I.C. § 777. He is thus precluded from acknowledging, as a notary public, the affidavit of the defendant herein to a confession of judgment.

The Court at this time makes no decision on the legality or propriety of counsel notarizing the affidavit of an adverse party, unrepresented by counsel, to a confession

of judgment. It is, however, the Court's opinion that 3 V.I.C. § 777 implements the protection of the public against fraud and imposition on the part of a notary public, thus forbidding him from notarizing any instrument to which he is an interested party. This, when considered in conjunction with Canon 9, of the Canons of Professional Ethics, raises some fundamental issues which are not to-day presented.

The Court wishes it clearly understood, however, that it is not suggesting any unprofessional conduct on the part of counsel.